UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHIRLEY HELMLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-266-TAV-DCP |
| ) | |
| WYNDHAM WORLDWIDE OPERATIONS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendants' Motion for Discovery Sanctions [Doc. 19].[1] Plaintiff filed a Response [Doc. 21], and Defendants filed a Reply [Doc. 24]. The Motion is ripe for adjudication.

By way of background, Defendants' request for sanctions relates to Plaintiff's Initial Disclosures, wherein Plaintiff identified approximately 340 individuals who are likely to have discoverable information. These individuals, all represented by Plaintiff's counsel, are included in a tolling list—a list of individuals whose claims have been tolled pursuant to an agreement by the parties. In Plaintiff's Initial Disclosures, she identified, "Every person on the tolling list

---

[1] The Court notes that similar motions were filed in eleven other cases, including *Allen v. Wyndham, et al.*, No. 3:18-CV-259; *Amos v. Wyndham, et al.*, No. 3:18-CV-260; *Atkins v. Wyndham, et al.*, No. 3:18-cv-261; *Bauer v. Wyndham, et al.*, 3:18-CV-262; *Fray v. Wyndham, et al.*, 3:18-CV-263; *Fulcher v. Wyndham, et al.*, No. 3:18-CV-264; *Miles v. Wyndham, et al.*, No. 3:18-CV-267; *Schnarr v. Wyndham, et al.*, No. 3:18-CV-268; *Thomas v. Wyndham, et al.*, No. 3:18-CV-269; *Willson v. Wyndham*, No. 3:18-CV-270; and *Wilson v. Wyndham, et al.*, No. 3:18-CV-271.

1

between our attorneys and Wyndham," stating that such persons "have knowledge of the common scheme and the tactics, misrepresentations, and lies told by sales agents to get people to buy and upgrade." Defendants request sanctions for Plaintiff's inclusion of the tolling list in their Initial Disclosures. Accordingly, for the reasons more fully explained below, the Court hereby **DENIES** Defendants' Motion [**Doc. 19**].

I.  **POSITIONS OF THE PARTIES**

Defendants move for sanctions against Plaintiff pursuant to Federal Rules of Civil Procedure 26 and 37. Defendants state that if the Court declines to award sanctions pursuant to Rules 26 or 37, they request that the Court utilize its inherent authority to sanction Plaintiff.

For grounds, Defendants state that on September 11, 2018, Plaintiff served them with her Initial Disclosures, naming approximately 340 individuals as "witnesses likely to have discoverable information." Defendants assert that they served notices of deposition and issued subpoenas upon many of the individuals who were identified. Defendants state that they incurred substantial costs related to the preparation and service of the numerous notices and subpoenas, including attorney's fees. The subpoenas were issued in twelve cases pending in this Court, two cases pending in the United States District Court for the Middle District of Tennessee, and three cases pending in the Chancery Court of Sevier County, Tennessee.

Defendants submit that the subpoenas were issued and depositions were noticed for many witnesses and that the subpoenas were in the hands of the process server but had not been served when Plaintiff belatedly amended her Initial Disclosures. Defendants argue that in Plaintiff's amended Initial Disclosures, she continued to list a broad identification of potential witnesses, such as "any person identified in any deposition, answer to an interrogatory, or document produced in this action," and Plaintiff reserved "the right to amend the[ir] disclosures to add additional

witnesses." Defendants state that they asked Plaintiff to confirm that she would not call as witnesses any person listed on the tolling agreement who is not already a plaintiff in a lawsuit against Defendants. Plaintiff replied that she does "not and will not include persons on the Tolling Lists who have not filed suit as of this date, as they have no pertinent or discoverable information in the above-referenced cases and will not be called as witnesses in the trial of these actions." Defendants state that based on these affirmative representations, they agreed to withdraw the subpoenas.

Defendants argue that they are entitled to their attorney's fees and costs pursuant to Rules 26(g)(3) and 37(c). Defendants submit that Plaintiff's overbroad identification of witnesses likely to have discoverable information was intended to harass Defendants and needlessly increase the cost of litigation by forcing them to incur costs associated with investigating these witnesses and determining the nature and extent of their knowledge, if any. Defendants argue that in reliance upon Plaintiff's signed disclosures, Defendants incurred substantial attorney's fees and expenses to prepare and serve notices of deposition and subpoenas. Defendants submit that the total fees and expenses incurred in issuing 106 subpoenas in seventeen cases is $40,098.65, which represents a "per subpoena" expense of $378.28.[2]

Defendants also contend that sanctions are warranted under Rule 37(c) because Plaintiff did not timely supplement her Initial Disclosures upon learning in some material respect that the disclosures were incomplete or incorrect. Finally, Defendants request that the Court issue sanctions under its inherent authority, stating that they relied on Plaintiff's Initial Disclosures and have incurred substantial costs based on their reliance.

---

[2] The undersigned notes that in the twelve cases pending before this Court, Defendants have sought various amounts, which, as Defendants have explained, represent a "per subpoena" expense.

Plaintiff responds that in her Complaint, she alleges that Defendants created a common scheme and practice to misrepresent material facts and/or made omissions to timeshare purchasers and current owners. Plaintiff states that in her Initial Disclosures, she included the tolling list, identifying every client of her counsel, which was compiled when plaintiffs began filing lawsuits against Defendants. Plaintiff states that Defendants did not want the negative publicity, so they asked Plaintiff's counsel to stop filing lawsuits, and Defendants agreed to toll the statute of limitations for such individuals. Plaintiff states that after she served her Initial Disclosures, Defendants randomly picked five to seven individuals on the tolling list to depose in each case where Plaintiff's counsel had lawsuits pending. Plaintiff states that Defendants noticed 106 depositions, spanning six (6) months with at least two months booked on almost every single business day. Plaintiff states that some of the individuals were subpoenaed more than one hundred (100) miles away from their home.

Plaintiff submits that Defendants included a cover letter with the subpoenas, wherein Defendants acknowledged that the subpoenaed witnesses do not have relevant information. In response to this cover letter, Plaintiff told Defendants that she deems it appropriate to remove these individuals named in the subpoenas from the discovery disclosures and that Plaintiff would not call such individuals at trial. Plaintiff states that the parties also conferred via telephone on October 4, 2018, wherein Plaintiff told Defendants that none of the witnesses named on the tolling list would be called at trial and that the disclosures would be revised accordingly. Subsequently, Plaintiff amended her Initial Disclosures. Plaintiff states that despite serving her amended disclosures, Defendants continued to serve subpoenas. Plaintiff asked Defendants why they continued to set depositions and later told Defendants that Plaintiff's counsel had conflicts with the deposition dates. Plaintiff states that subsequently, Defendants sent a letter stating that

Plaintiff's retractions and revisions were not good enough because they contained catch-all provisions. After additional letters were exchanged, Defendants proposed using certain language in the Initial Disclosures, which Plaintiff adopted.

Plaintiff argues that Defendants' Motion should be denied. Plaintiff states that in Defendants' cover letter, Defendants acknowledge that they were not aware of any relevant information that the subpoenaed witnesses possessed. Plaintiff states that Defendants never participated in a meet and confer to discuss Plaintiff's Rule 26 disclosures and that Plaintiff amended her Initial Disclosures. Plaintiff argues that the subpoenas were sent to current clients of her attorneys and that Defendants are not permitted to address these individuals without consultation from Plaintiff's counsel. Further, Plaintiff states that had Defendants consulted with Plaintiff's counsel, an agreement to produce the witness may have been reached. Plaintiff states that Defendants' request for fees is unsupported and that it does not comply with Tennessee law. Further, Plaintiff maintains that she timely supplemented her Initial Disclosures. Finally, Plaintiff states that Defendants' Motion should be denied as there was no good-faith conferral regarding this issue.

Defendants filed a Reply, arguing that they are entitled to seek discovery from witnesses identified by Plaintiff. Further, Defendants assert that they are entitled to recover expenses incurred for preparing and serving the subpoenas and notices of depositions.

## II. ANALYSIS

The Court has considered the parties' filings in this matter, and for the reasons further explained below, the Court finds the Motion [**Doc. 19**] not well taken, and it is **DENIED**.

Given that the parties' dispute relates to Plaintiff's Initial Disclosures, the Court will begin with Rule 26(a)(1). Specifically, Rule 26(a)(1) provides, in pertinent part, as follows:

5

> **(1)** *Initial Disclosure.*
>
>> **(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
>>
>> **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

In the instant matter, Plaintiff served her Initial Disclosures on September 11, 2018. As stated above, in her Initial Disclosures, Plaintiff identified, "Every person on the tolling list between our attorneys and Wyndham, they have knowledge of the common scheme and the tactics, misrepresentations, and lies told by sales agents to get people to buy and upgrade." On or about September 27-28, 2018, Defendants sent Plaintiff's counsel 106 subpoenas duces tecum, along with notices of depositions for individuals that were included on the tolling list. According to Plaintiff, some depositions were set for the same day but in different cities, while others were set for consecutive days in different cities.

In a letter to Plaintiff's counsel dated September 27, 2018, defense counsel explained, "While Defendants are not aware that these individuals have any relevant information related to this lawsuit, as a consequence of Plaintiffs' response, Defendants need further discovery to determine what, if any, information that these witnesses may possess." Subsequently, on October 2, 2018, Plaintiff's counsel emailed defense counsel, stating that they reviewed his cover letter, stating that such individuals do not have relevant information, and that upon reflection, Plaintiff's counsel deems it appropriate to remove the individuals from the disclosure and will not call such individuals at trial.

The parties discussed the matter on October 4, 2018, via telephone. Plaintiff's counsel followed up with an email to defense counsel on the same day. Plaintiff's counsel attached the First Revised Rule 26 Disclosures and stated that they "presume[d] this will now moot the subpoenas in [sic] sent out in this case. Please advise." Plaintiff's counsel noted that the witnesses listed in the First Revised Rule 26 Disclosures "all have purchases in Tennessee, or worked in the Sevierville, Tennessee Sales centers. Their knowledge of issues in this case is far more relevant than anyone on the subpoenas." In the First Revised Rule 26 Disclosures, Plaintiff deleted the following sentence: "Every person on the tolling list between our attorneys and Wyndham, they have knowledge of the common scheme and the tactics, misrepresentations, and lies told by sales agents to get people to buy and upgrade."

According to Plaintiff, after Defendants received the First Revised Rule 26 Disclosures, Defendants continued to serve the subpoenas. In a letter dated October 15, 2018, to defense counsel, Plaintiff's counsel stated that they were "perplexed as to why you would insist upon proceeding with depositions under these circumstances." Plaintiff's counsel stated that Defendants had acknowledged that the witnesses "have no relevant information." In addition, Plaintiff's counsel asked that defense counsel promptly file the return of service of any subpoena because they were not sure "which depositions are currently in play." Plaintiff also sent objections to the production of documents on the same day.

On the following day, on October 16, 2018, Plaintiff's counsel notified defense counsel regarding conflicts they had with the scheduled depositions. Defense counsel responded on the same day, stating that Plaintiff represented that each witness had discoverable information. Defense counsel complained that the "amended disclosures and interrogatory responses employ catch-all provisions that leave open the possibility that you will change your mind, again, and later

7

seek to include these individuals as witnesses." Defense counsel continued, "Absent an unequivocal revision of the interrogatory responses and disclosures stating that none of the subpoenaed witnesses (or any of the other owners that you represent but have not as this date filed suits on behalf of) have discoverable information relevant to these cases, Defendants intend to move forward with the depositions."

Plaintiff's counsel sent defense counsel an email the same day, October 16, 2018, explaining that they do not understand the catch-all phrase that defense counsel is referring. Plaintiff's counsel explained that it was their "intent to express that they would not be calling any of the subpoenaed individuals, or for that matter, any of our other current owners, other than the ones expressly listed in the revised Rule 26 disclosures, and amended response to Interrogatory #3." Plaintiff's counsel continued that Defendants pointed out that such "individuals do not have relevant information in these cases" and that Plaintiff has reconsidered her position "based on Defendants' acknowledgment of this fact." Plaintiff's counsel invited defense counsel to suggest any edits to the First Revised Rule 26 Disclosures that he believed was necessary to make that position more clear.

On October 19, 2018, defense counsel responded that in the First Revised Rule 26 Disclosures, Plaintiff had reserved the right to amend the disclosures to add additional witnesses and that she also included "any person identified in a deposition, answer to interrogatory or document produced in this action." Defense counsel also complained that Plaintiff identified "any and all witnesses, lay and expert, subsequently identified in this action." Defense counsel stated that "[a]ny or all of those provisions would enable you to add the subpoenaed witnesses to your disclosures after the Defendants agree to forgo the scheduled depositions." Defense counsel stated that Defendants need responses "affirmatively stating, in an unqualified manner, that the persons

8

on the Tolling List who have not filed suit as of this date have no pertinent or discoverable information and will not be called as witnesses at trial." Defense counsel also explained his intent to seek recovery for any costs and expenses with respect to the subpoenas. On the same day, Plaintiff's counsel sent a letter to defense counsel, stating that they would supplement and use the language defense counsel specifically requested, by adding, "[A]ny person identified in a deposition, answer to interrogatory or document produced in this action and any and all witnesses, lay and expert, subsequently identified in this action do not and will not include persons on the Tolling Lists who have not filed suit as of this date, as they have no pertinent or discoverable information in the above-referenced cases and will not be called as witnesses in the trial of these actions."

Based on the above, Defendants seek sanctions under Rule 26(g)(3), Rule 37(c), or pursuant to the Court's inherent power to impose sanctions. The Court will address these separately.

### A. Rule 26(g)(3)

With respect to their request under Rule 26(g)(3), Defendants assert that Plaintiff's overbroad identification of witnesses likely to have discoverable information was intended to harass Defendants and needlessly increase the cost of litigation by forcing them to incur costs associated with investigating these witnesses and determining the nature and extent of their knowledge, if any. Defendants argue that Plaintiff and her attorneys improperly certified their disclosures by signing them in violation of Rule 26(g)(1).

Rule 26(g)(1) provides that by signing a disclosure under Rule 26, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

> **(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and
>
> **(B)** with respect to a discovery request, response, or objection, it is:
>
> > **(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> >
> > **(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> >
> > **(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Further, Rule 26(g)(3) governs sanctions for failing to comply with Rule 26(g)(1). Rule 26(g)(3) provides as follows:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

The standard under Rule 26(g)(3) "is the same objective standard that applies to determinations under Rule 11." *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.,* No. 1:13CV230, 2017 WL 5953118, at *5 (S.D. Ohio Sept. 27, 2017) (quoting *Olga's Kitchen of Hayward v. Papo*, 108 F.R.D. 695, 703 (E.D. Mich. Dec. 18, 1985)), *partially rev'd on other grounds*, 815 F.2d 79 (6th Cir. 1987). "Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule." *McHugh v. Olympia Entm't, Inc.,* 37 F. App'x 730, 741 (6th Cir. 2002). Further, Rule 26(g)(1) "imposes a duty of reasonable inquiry as to the completeness of a discovery dispute." *U.S. ex rel. Scott v. Metro. Health Corp.*, No. 1:02-CV-485, 2005 WL 2405961, at *11 (W.D. Mich. Sept. 29, 2005).

As an initial matter, Defendants argue that Plaintiff's overbroad identification of witnesses was intended to harass Defendants and needlessly increase the costs of litigation. Defendants' argument tracks the language in Rule 26(g)(1)(B). Although no party raised this issue, it is not clear to the Court that the provisions of Rule 26(g)(1)(B) apply to initial disclosures, given that disclosures are specifically referenced in Rule 26(g)(1)(A), which requires them to be complete and correct, but are not referenced in Rule 26(g)(1)(B).[3] In any event, even if Rule 26(g)(1)(B) were applicable, the Court does not find that Plaintiff acted with an improper purpose.

Here, Plaintiff's Initial Disclosures were served on September 11, 2018. In the Initial Disclosures, under the heading, "Rule 26(a)(1)(A) Witnesses Likely to Have Discoverable Information," Plaintiff stated, "Every person on the tolling list between our attorneys and Wyndham, they have knowledge of the common scheme and the tactics, misrepresentations, and lies told by sales agents to get people to buy and upgrade." Plaintiff explains that she included the tolling list in her Initial Disclosures because in the Amended Complaint, she alleges that Defendants created a common scheme and practice to defraud and misrepresent material facts and/or made omissions to would-be timeshare purchasers and current owners. Plaintiff states that in order to prove this scheme, she intends to show how Defendants' sales agents treated her, and she intends to call other timeshare owners to testify that they experienced the same misrepresentations, the same sales tactics, and had the same unanswered complaints. Plaintiff insists that Federal Rule of Evidence 406 allows her to show proof of Defendants' routine practice to demonstrate that Defendants acted in accordance with such practice. Plaintiff maintains that the tolling list identified every person with knowledge of Defendants' scheme.

---

[3] The Court notes that the term "response" as used in Rule 26(g)(1)(B) "includes answers to interrogatories and to request to admit as well as responses to production requests." Fed. R. Civ. P. 26(g)(1)(B) advisory committee note to 1980 amendment.

Given Plaintiff's explanation as to why she included the tolling list in the Initial Disclosures, the Court does not find that the Initial Disclosures were served with an improper purpose. While Plaintiff's Initial Disclosures appear to be overbroad, there is no evidence that Plaintiff included the tolling list for an improper purpose or that Plaintiff's disclosure warrants sanctions. Defendants' complaint is that Plaintiff needlessly increased the costs by "forcing" them to serve the subpoenas. As explained in more detail below, Defendants were not forced to send the subpoenas—they chose to do so without consulting Plaintiff's counsel. Defendants were not surprised by the tolling list as Plaintiff stated in the Initial Disclosures that such individuals had knowledge regarding Defendants' (alleged) common scheme and practice. Accordingly, the Court finds sanctions not warranted under Rule 26(g)(3).

2. **Rule 37(c)**

Defendants also request attorney's fees and expenses pursuant to Rule 37(c). Defendants assert that Plaintiff did not timely supplement the Initial Disclosures to remove the identification of hundreds of potential witnesses who did not have discoverable information. Defendants insist that Plaintiff knew at the time of her Initial Disclosures that such witnesses did not actually have discoverable or pertinent information, and therefore, their supplement was untimely under Rule 26(e).

Specifically, Rule 37(c) provides that the Court may order the payment of reasonable expenses, including attorney's fees, if a party fails to provide information or to identify a witness as required by Rule 26(a) or (e). Rule 26(e) requires supplementation to be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known you the other parties during the discovery process or in writing."

12

The Court finds sanctions under Rule 37(c) unwarranted for similar reasons as above. Even if Plaintiff's Initial Disclosures were incorrect, Plaintiff provided the First Revised Rule 26 Disclosures within a month and included the language that Defendants specifically requested. Given that this case is in its infancy, the Court does not find the First Revised Rule 26 Disclosures to be untimely.

3. **Inherent Power**

Defendants also request that, if the Court does not find sanctions warranted under Rule 26(3)(g) or Rule 37(c), the Court utilize its inherent power to sanction Plaintiff. Defendants state that they incurred these expenses in good faith-reliance upon Plaintiff's voluntary disclosures. Defendants state that they should not be forced to shoulder the substantial expenses resulting from Plaintiff's misidentification.

"District courts are vested with the power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Murray v. City of Columbus, Ohio*, 534 F. App'x 479, 484 (6th Cir. 2013) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, (1991)) (other quotations omitted). "To achieve this goal, they have the inherent power 'to fashion an appropriate sanction for conduct [that] abuses the judicial process.'" *Id.* (quoting *Chambers*, 501 U.S. at 44–45). "This power must be exercised with restraint and discretion." *Id.* (quoting *Chambers*, 501 U.S. at 44-45).

The Court declines Defendants' invitation to sanction Plaintiff. First, while Plaintiff's inclusion of the tolling list in the Initial Disclosures may not have been best practice as it appears to be overbroad, the Court does not find it was done in bad faith, with an improper motive, or an attempt to abuse the judicial process. Further, the Court finds that issuing sanctions against Plaintiff under the circumstances would be inappropriate as such sanctions would simply award

Defendants' improper conduct. Defendants were not surprised by the tolling list— it was a list of individuals whom Defendants requested not to file lawsuits, and in exchange, the parties agreed to toll the statute of limitations for such individuals. Upon receiving Plaintiff's Initial Disclosures, Defendants immediately began to prepare and issue 106 deposition subpoenas without contacting Plaintiff's counsel to discern their availability for such depositions or to lodge their objections to the inclusion of the tolling list in Plaintiff's Initial Disclosures.[4] In addition, Defendants have not disputed that some depositions were set for different cities on the same day and that some individuals were subpoenaed more than one hundred (100) miles away from their home. *See* Fed. R. Civ. P. 45(c)(1)(A) (stating that a subpoena may command a person to attend a deposition only within 100 miles of where the person resides, is employed, or regularly transactions business in person). Defendants acknowledged in their cover letter to the subpoenaed individuals that Defendants were not aware that the witnesses had any relevant information. Such actions lead the Court to doubt Defendants' claim that they were forced to subpoena these individuals.

On October 2, 2018, a few days after Plaintiff received Defendants' cover letter and subpoenas, Plaintiff contacted Defendants and agreed to remove the individuals from the Initial Disclosures. The parties also participated in a telephone conference on October 4, 2018, and Plaintiff's counsel followed up with an email amending Plaintiff's Initial Disclosures by removing the tolling list. Defendants do not dispute Plaintiff's assertion that after receiving Plaintiff's First Revised Rule 26 Disclosures, *Defendants continued to serve the subpoenas.* Plaintiff sent a letter asking Defendants why they wanted to proceed with the depositions and noted that they [her

---

[4] Several courts have noted that unilaterally scheduling depositions is a "serious concern" and that the practice often leads to unnecessary motions and a waste of everyone's time." *Chavez v. Arancedo*, No. 17-20003-CIV, 2017 WL 3025841, at *3 (S.D. Fla. July 17, 2017) (citing *Karakis v. Foreva Jens, Inc.*, No.08-61470-CIV, 2009 WL 113456, at *6 (S.D. Fla. Jan. 19, 2009)).

counsel] were not sure "which depositions are currently in play" because Defendants did not file the return of service for any subpoena. Subsequently, in a letter dated October 16, 2018, Defendants stated that Plaintiff included a catch-all phrase in their First Revised Rule 26 Disclosures. Defendants stated, "Absent an unequivocal revision of the interrogatory responses and disclosures stating that none of subpoenaed witnesses (or any of the other owners that you represent but have not as of this date filed suits on behalf of) have discoverable information relevant to these cases, Defendants intend to move forward with the depositions." Plaintiff complied with Defendants' request for an unequivocal statement.

The above communications reveal to the Court that the incurred expenses, time, and subsequent motion practice could have been entirely avoided had the parties simply communicated at the outset. Instead, Defendants chose to subpoena these witnesses, even though Defendants acknowledged when they served the subpoenas that they were not aware that these witnesses had relevant information. If Defendants believed that the witnesses did not have relevant knowledge, they should not have served them with subpoenas, which costs Defendants approximately $40,000. Further, the Court finds that the scheduling of the depositions (i.e., without inquiring as to Plaintiff's attorneys' availability or setting depositions on the same day in different cities) troublesome. Granted, in defense counsel's cover letter, he states, "If the dates selected on the Notices do not work for you, please let me know right away" and that the parties "can reach an agreement on the dates." The better practice, and more practical approach, would be to contact Plaintiff's counsel prior to setting the depositions. Otherwise, Defendants are setting depositions that are subject to cancelation because Plaintiff's counsel, or the deponent, cannot attend.

As a final matter, both parties **SHALL** familiarize themselves with the District Judge's preference that prior to filing motions relating to discovery disputes, the parties must engage in

certain steps. Specifically, Section 3 (j) of the Scheduling Order requires parties to take certain steps before filing motions regarding discovery disputes. First, the parties are to meet and confer in an attempt to resolve the dispute. If the parties cannot resolve the dispute, they shall attempt to resolve the dispute by conference with the Magistrate Judge. The Scheduling Order provides that "[i]f and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court . . ." Finally, "[a]ny written motions regarding discovery shall include a certification of compliance with steps one (1) and (2) . . ."

The Court understands that the parties may have not known of the above procedure because a Scheduling Order had not been entered at the time Defendants filed their Motion. The parties are put on notice, however, that moving forward, they **SHALL** comply with the above procedure, if any further discovery disputes arise, as this procedure is mandatory. The Court hopes that in the future, both parties will act in accordance with Rule 1. *See* Fed. R. Civ. P. 1 (explaining that the parties shall construe the Rules "to secure the just, speedy, and inexpensive determination of every action proceeding").

## III. CONCLUSION

Accordingly, for the reasons further explained below, the Court hereby **DENIES** Defendants' Motion for Discovery Sanctions [**Doc. 19**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge